UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD K. NIEMI, and MARK NIEMI,
d/b/a RICHARD K. NIEMI DESIGN AND
TECHNOLOGY, LLC, Limited Liability
Company,

        Plaintiffs,

v.

AMERICAN AXLE MANUFACTURING
& HOLDING INC., a Delaware corporation
and successor corporation to AMERICAN
AXLE & MANUFACTURING OF
MICHIGAN, a defunct corporation, and
AMERICAN AXLE MANUFACTURING
INC., a Delaware corporation, and
SPRINGFIELD TOOL & DIE, INC., a
South Carolina defunct corporation, JAMES
ONYSKI, an individual, GEORGE HILLS,
an individual, and TOM ALDRIGE, an
individual, jointly and severally,

        Defendants.

_____/

Case No. 05-74210

Honorable Patrick J. Duggan

**OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS AND
GRANTING DEFENDANT AMERICAN AXLE MANUFACTURING INC.'S
MOTION FOR LEAVE TO AMEND COUNTERCLAIMS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 13, 2006.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On November 2, 2005, Plaintiffs filed a copyright infringement action against Defendants alleging that Defendants infringed on Plaintiffs' copyright when they created machines based on Plaintiffs' copyrighted drawings.  On November 28, 2005, Defendant American Axle Manufacturing, Inc. ("Defendant") filed its answer, affirmative defenses, and two counterclaims.  Defendant asserts the following counterclaims against Plaintiffs:

### Count I

\* \* \*

9.    After reasonable opportunity for further investigation or discovery there is likely to be evidence that the alleged copyright and/or copyright registration are invalid on the grounds that the works identified therein are in the public domain and/or the works otherwise do not qualify for copyright protection and/or have not been properly registered with the United States Copyright Office and/or that Plaintiffs lack standing to assert a claim of infringement of such works.

### Count II

10.    Paragraphs 1 through 9 of Defendant's Counterclaims are incorporated herein by reference.

11.    Defendant pursuant to 17 U.S.C. § 101 et seq. herein requests by operation of law that the rights and any and all asserted copyrightable subject matter be transferred to Defendant.

On December 13, 2005, Plaintiffs filed a Motion to Dismiss Defendant American Axle's Counterclaims.  On January 6, 2006, Defendant filed both a Response in Opposition to Plaintiffs' Motion to Dismiss and a Motion for Leave to Amend Counterclaims.  On January 17, 2006, Plaintiffs filed a Response in Opposition to Defendant's Motion to Amend. The Court held a hearing on these motions on February 8, 2006.  For the reasons set forth below, the Court believes that Defendant should be granted leave to amend its counterclaims.

2

## **Standard of Review**

Defendant seeks leave to amend its counterclaims pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part: "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Rule was intended to "reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). To deny a motion to amend, the district court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

## **Discussion**

In this case, the Court does not believe that allowing Defendant to amend its counterclaims will significantly prejudice Plaintiffs. First, Defendant filed its motion early in the proceedings. At the time Defendant filed its motion seeking leave to amend, there were still parties that had not been served. Defendant had filed its answer and counterclaims only six weeks before it filed its motion to amend. The Rule 26(f) conference had not yet taken place. Second, Defendant is not seeking to add new counts; rather, Defendant seeks to supplement existing counts.

In their Response in Opposition to Defendant's Motion to Amend, Plaintiffs do not assert that they will be unduly prejudiced if Defendant is granted leave to amend; rather, Plaintiffs contend that the Court should not allow Defendant to amend because amendment would be futile, citing *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 459-60 (6th Cir. 2001).

The Court does not believe that Defendant's proposed amendment to the counterclaim would be futile.  Therefore, the Court believes that the best interests of justice would be served by granting Defendant's motion to amend the counterclaim.

Because Plaintiffs' Motion to Dismiss addresses the original counterclaim and because this Court has granted Defendant's Motion to Amend the Counterclaim, Plaintiffs' Motion to Dismiss is moot.  However, because the Court has reviewed the proposed counterclaim and is satisfied that it adequately sets forth a cause of action, any further motion to dismiss the amended counterclaim would be denied.

Therefore, for the reasons set forth above,

**IT IS ORDERED** that Defendant's Motion to Amend the Counterclaim is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Dismiss the Counterclaims is **DENIED AS MOOT**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Robin Kyle, Esq.
Donald Schlyer, Esq.
George Moustakas, Esq.
Christian Garascia, Esq.