UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD K. NIEMI, and MARK NIEMI,
d/b/a RICHARD K. NIEMI DESIGN AND
TECHNOLOGY, LLC, Limited Liability
Company,

   Plaintiffs,

v.

AMERICAN AXLE MANUFACTURING
& HOLDING INC., a Delaware corporation
and successor corporation to AMERICAN
AXLE & MANUFACTURING OF
MICHIGAN, a defunct corporation, and
AMERICAN AXLE MANUFACTURING
INC., a Delaware corporation, and
SPRINGFIELD TOOL & DIE, INC., a
South Carolina defunct corporation, JAMES
ONYSKI, an individual, GEORGE HILLS,
an individual, and TOM ALDRIDGE, an
individual, jointly and severally,

   Defendants.
_____/

Case No. 05-74210

Honorable Patrick J. Duggan

**OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO COUNT I OF PLAINTIFFS' COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 24, 2006.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
       U.S. DISTRICT COURT JUDGE

On November 2, 2005, Plaintiffs filed a copyright infringement action against

Defendants.[1] Presently before the Court is American Axle Manufacturing & Holding, Inc., American Axle & Manufacturing of Michigan, American Axle Manufacturing Inc., and James Onyski's Motion under FED. R. CIV. P. 56 for Partial Summary Judgment as to Count I of Plaintiff's Complaint, filed on March 28, 2006. Defendant Springfield Tool & Die Inc. joined the Motion for Partial Summary Judgment as to Count I. The Court heard oral arguments on this Motion on May 16, 2006 and on June 22, 2006. For the reasons set forth below, Defendants' Motion shall be granted.

## I. Factual Background

Plaintiff Richard Niemi contends that he created a number of drawings for stabilizer benders, welders, and other special machinery used to manufacture parts for cars and trucks from 1996 to 2000. (Compl. ¶11). On September 29, 2005, the U.S. Copyright Office issued Niemi a copyright registration for the drawings. (*Id.*; *see also* Defs.' Mot. for Summ. J. Ex. C). Niemi had previously granted a license to Plaintiff RKN Technologies with a right to sub-license others. (Compl. ¶11) Plaintiff RKN Technologies had provided the drawings to Defendants "for the sole purpose of making a single machine to produce stabilizer bars for the GMT 360 and a single machine to produce stabilizer bars for the GMT 800." (*Id.*)

Specifically, Plaintiffs contend that the parties reached an agreement where Plaintiffs would provide Defendants with the technical drawings so that one machine could be built

---

[1] On January 30, 2006, Plaintiffs stipulated to the dismissal of Defendant Thomas Aldridge, and on March 8, 2006, Plaintiffs stipulated to the dismissal of Defendant George Hill. On July 18, 2006, the Court entered an Order dismissing Count II of Plaintiffs' Complaint, Conspiracy to Commit Copyright Infringement. Therefore, the only remaining claim in this case is Count I, Copyright Infringement, against the American Axle Defendants, Springfield, and James Onyski.

and tested. Then, when Defendants felt confident that the Plaintiffs' machine, as depicted in the drawings, would work, Defendants would file a patent on behalf of Plaintiffs, pay a reasonable royalty to Plaintiffs, and engage Plaintiffs to design any and all additional machines. (Pls.' Br. in Opp. to Defs.' Mot. for Summ. J. at 4-5).

Plaintiffs contend that, despite this agreement, Defendants infringed on their copyrights in the drawings "by using the Drawings to manufacture stabilizer benders and welders without Plaintiffs' permission" and "by creating further drawings and machines to manufacture stabilizer bars from the Drawings by making derivative drawings and utilizing them to manufacture stabilizer benders and welders for different stabilizer bars for various automobiles." (Compl. at ¶¶ 13, 15). According to Plaintiffs, the technical drawings submitted by Plaintiffs were copied and modified by Defendants to manufacture numerous machines. (Pls.' Br. in Opp. to Defs.' Mot. Summ. J. at 6).[2]

## II. **Standard of Review**

Defendants move for partial summary judgment on Count I of Plaintiff's Complaint (Copyright Infringement). This Court will grant summary judgment "if the pleadings,

---

[2] Plaintiffs contend that testimony and documents proving these infringements were provided in a prior action against Defendants commenced in September 2003, by Plaintiffs in Wayne County Circuit Court, Case No. 03-332390-CK. In the state court action, Plaintiffs asserted claims of misappropriation of trade secrets and breach of contract. Before the parties conducted discovery, Judge Gershwin A. Drain entered a Protective Order at the request of the parties, ordering that "any information or document designated as 'CONFIDENTIAL' shall be used solely in connection with his action and shall not be disclosed to anyone . . . ." On April 5, 2006, Plaintiffs filed a motion in this Court seeking the entry of a protective order that allows for the use of the discovery produced in the state court litigation in the present copyright infringement action. On April 21, 2006, Defendants filed a response in opposition to Plaintiffs' motion for a protective order. This matter was referred to Magistrate Judge Wallace Capel on May 1, 2006 for a report and recommendation.

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

### III.  Applicable Law and Analysis

The specific issue before the Court is whether the use of copies, or derivatives of copies, of copyrighted technical drawings to manufacture a machine is an act of copyright infringement. (*See* Defs.' Resp. to Pls.' Suppl. Br. Ex. N, 6/22/06 Hrg. Tr. at 17). In their

Motion for Partial Summary Judgment, Defendants argue that, even assuming that Plaintiffs' allegations are true that Defendants did manufacture machines based on Plaintiffs' technical drawings, the manufacture of such machines is not an actionable copyright infringement. Plaintiffs, however, contend that fabricating a machine depicted in a drawing is copyright infringement where the fabrication is achieved through the unlawful copying or making unlawful derivatives of copyrighted drawings.

Plaintiffs' technical drawings are original pictorial or graphic works protected by 17 U.S.C. § 102(a)(5). Pursuant to 17 U.S.C. § 106, Plaintiffs, the copyright owners have the exclusive right to "reproduce," "prepare derivative works," "distribute copies," and "display" the copyrighted work. However, "use" rights are governed by the Patent Act, 35 U.S.C. § 271. *See, e.g.*, Nimmer § 2.18[A] ("Where the owner of a patent obtains the right to exclude others from using the invention, the rights granted to a copyright owner under Section 106 of the Copyright Act do not include the right to prevent others from using the copyrighted work.") (quotation omitted).

Moreover, 17 U.S.C. § 102(b) provides: "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such a work." 17 U.S.C. § 113(b) further limits such copyright protection and provides "[t]his title does not afford, to the owner of copyright in a work that portrays a useful article as such, any greater or lesser rights with respect to the making, distribution, or display of the useful article so portrayed than those afforded to such works under the law." The Congressional record preceding the adoption of the Copyright

5

Act sets forth the following examples of the limitation expressed by 17 U.S.C. § 113(b):

> Under distinctions indicated in existing court decisions, that the copyright in a work portraying a useful article as such would not protect against manufacture of that article, ***copyright protection would not extend*** to the following cases:
>
> - A copyrighted drawing of a chair, used to manufacture chairs of that design;
>
> - A copyrighted scale model of an automobile, used to manufacture automobiles of that design;
>
> - ***A copyrighted technical drawing showing the construction of a machine used to manufacture the machine;***
>
> - A copyrighted picture of a dress, used to manufacture the dress.

(Defs.' Mot. Ex. B, House Comm. on the Judiciary, 87th Cong., Report of the Register of Copyrights on the General Revision of the U.S. Copyright Law (1961) (emphasis added)).

Thus, the manufacture of a machine from a copyrighted technical drawing is clearly not copyright infringement. Defendants contend that this remains true whether or not "copies" or "derivatives of copies" of the technical drawings were referenced, citing *National Medical Care, Inc. v. Espiritu*, 284 F. Supp. 2d 424 (S.D. W. Va. 2003).

In *National Medical Care, Inc.*, the court found that copyrights in technical drawings depicting medicine cabinets do not protect against the production of the medicine cabinets. *Id.* at 435-36. In that case, the defendant stipulated that he had made unauthorized copies of the plaintiffs' technical drawings. *Id.* at 433. The plaintiff sought an order requiring the defendant to remove cabinets which had been built from the copied technical drawings. *Id.* The court found that, under 17 U.S.C. § 102(b), the ideas illustrated in the technical drawings were not protected. *Id.* at 433. The court held that copyright protection does not extend to

6

structures built from technical drawings "regardless of whether those structures have been built with reference to infringing copies . . . ." *Id.* at 435-36.

Like the plaintiffs in *National Medical Care, Inc.*, Plaintiffs in this case attempt to expand the scope of copyright protection to include the act of manufacturing an article using a copy or derivative copy of the copyrighted drawing. However, Plaintiffs are unable to cite to any case law in support of such protection.

In their supplemental brief, Plaintiffs discuss a number of cases involving architectural drawings. *See Nucor Corp. v. Tennessee Forging Steel Serv., Inc.*, 476 F.2d 386 (8th Cir. 1973); *Herman Frankel Org. v. Tegman*, 367 F. Supp. 1051 (E.D. Mich. 1973); *Robert R. Jones Assocs. Inc. v. Nino Homes*, 858 F.2d 274 (6th Cir. 1988). However, architectural works are protected by separate section of the Copyright Act. A 1990 amendment to the Copyright Act defines architectural works as "design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings." 17 U.S.C. § 101.[3] Therefore, these cases are not on point.

---

[3] Plaintiffs argue that prior to the 1990 amendment, the use of unlawful copies and derivative technical drawings to construct a building was copyright infringement. Plaintiffs are incorrect. *See Demetriades v. Kaufmann*, 680 F. Supp. 658, 666 (S.D.N.Y 1988). In *Demetriades*, which was decided prior to the 1990 amendment to the Copyright Act, the court rejected the argument that construction of a house from copied architectural plans constituted copyright infringement. *Id.* The court reasoned:
> Whether or not the construction originally "flowed from" infringing copies of [plaintiff's] architectural plans is immaterial. Construction of a building imitating that depicted in copyrighted architectural plans does not, consistent with *Baker*, constitute infringement of those plans. Although individuals are not free to make unauthorized copies of copyrighted architectural plans, they remain free to duplicate houses depicted in those plans unless and until the designs embodied in such plans are secured by patent.

*Id.*

For example, although the Sixth Circuit found, in *Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274 (6th Cir. 1998), that "one may construct a house which is identical to a house depicted in copyrighted architectural plans, but one may not directly copy those plans and then use the infringing copy to construct the house," *id.* at 280, this holding is limited to architectural works. *See Winfield Collection, Ltd. v. Gemmy Indus., Corp.*, 147 Fed.Appx. 547, 551 (6th Cir. Aug. 25, 2005) (distinguishing the architectural plans and construction on the house in *Robert R. Jones Assocs.*, from design plans for a "crashing witch" ornament because the architectural plans involved "useful" objects[4] "or functional creations whose protection sounds more appropriately in patent than in copyright").

Therefore, Plaintiffs have failed to cite a single case holding that the use of copies, or derivatives of copies, of copyrighted technical drawings to manufacture a machine constitutes an act of copyright infringement.

Accordingly,

**IT IS ORDERED** that Defendants' Motion under FED. R. CIV. P. 56 for Partial Summary Judgment as to Count I of Plaintiff's Complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' copyrights are not infringed by the use, use of copies, or use of derivatives of copies, of technical drawings to manufacture or use stabilizer benders, welders, or other machines as alleged in Plaintiffs' Complaint.

---

[4] The *Robert R. Jones* case was decided before the 1990 amendment to the Copyright Act which gave special protection to architectural works.

                                        s/PATRICK J. DUGGAN  
                                        UNITED STATES DISTRICT JUDGE

Copies to:  
Robin Kyle, Esq.  
George Moustakas, Esq.  
Christian Garascia, Esq.