UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD K. NIEMI, MARK NIEMI, d/b/a
RICHARD K. NIEMI DESIGN AND
ENGINEERING SERVICES, and RKN
TECHNOLOGY, LLC.

       Plaintiffs,

v.

AMERICAN AXLE MANUFACTURING
& HOLDING INC., successor corporation to
AMERICAN AXLE &
MANUFACTURING OF MICHIGAN, a
defunct corporation, AMERICAN AXLE
MANUFACTURING INC.,
SPRINGFIELD TOOL & DIE, INC.,
successor corporation to NEWCO OF
DUNCAN INC., a defunct corporation, and
JAMES ONYSKI,

       Defendants.

_____/

Case No. 05-74210

Honorable Patrick J. Duggan

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AS TO THE CLAIMS OF PLAINTIFFS MARK NIEMI AND RKN
TECHNOLOGY, INC.**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 31,2006.

    PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On November 2, 2005, Plaintiffs filed a copyright infringement action against

Defendants.  Presently before the Court is a Motion for Summary Judgment pursuant to

Federal Rule of Civil Procedure 56(c) as to the claims of Plaintiffs Mark Niemi and RKN

Technology, LLC ("RKN"), filed on August 15, 2006, by American Axle Manufacturing &

Holding, Inc., American Axle & Manufacturing of Michigan, American Axle Manufacturing

Inc., and James Onyski.  Defendant Springfield Tool & Die Inc. has joined the motion for

summary judgment.

## I.  <u>Factual Background</u>

Richard Niemi created a number of drawings for stabilizer benders, welders, and other

special machinery used to manufacture parts for cars and trucks from 1996 to 2000.  (Compl.

¶11).  On September 29, 2005, the U.S. Copyright Office issued Richard Niemi a copyright

registration for the drawings.  (*Id.*; *see also* Dfts.' Br. Ex. A).  Mark Niemi is the son and

business partner of Richard Niemi.  Together Mark and Richard Niemi formed and conduct

business as RKN.

Richard Niemi contends he previously granted a license to RKN with a right to sub-

license others.  (Compl. ¶11).  According to Plaintiffs, Richard Niemi "has granted an oral

license of some of the exclusive interests in his copyright to his son Mark Niemi and their

wholly owned company RKN []."  (Pls.' Resp. Br. at 3).  Defendants contend there is no

evidence that Richard Niemi granted a license to either Mark Niemi or RKN.  Thus,

according to Defendants, Mark Niemi and RKN lack standing to bring a claim for copyright

infringement.

## II.  <u>Standard of Review</u>

This Court will grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial.  FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53.  It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).  Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment.  *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

## III.  Applicable Law and Analysis

Defendants contend that RKN and Mark Niemi do not possess an ownership interest in the disputed copyright sufficient to confer standing.  Pursuant to 17 U.S.C. section 501(b), "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is

the owner of it." 17 U.S.C. § 501(b).   Thus, "[t]o be entitled to sue for copyright infringement, the plaintiff must be the 'legal or beneficial owner of an exclusive right[1] under a copyright.'"   *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (citations omitted).  Determining whether a plaintiff has an ownership interest is a conclusion of law.  4 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 13.01[A], p. 13-8 (2006).

It is undisputed that Richard Niemi is the registered author of the copyright giving rise to this action.  (Dfts.' Br. Ex. A).  It is also undisputed that RKN and Mark Niemi are not the registered owners of the copyright.  Therefore, RKN and Mark Niemi "must establish a proprietary right through the chain of title in order to support a valid claim to the copyright." *Motta v. Samuel Weiser, Inc.*, 768 F.2d 481, 484 (1st Cir.1985).  This necessary proprietary right can be obtained through a grant of an exclusive license by the owner of the copyright. *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 32 (2d Cir. 1982).

Plaintiffs' complaint alleges that "Plaintiff Richard Niemi has granted a license under

---

[1]As set forth in 17 U.S.C. section 106:

[T]he owner of copyright . . . has the exclusive rights to do and to authorize any of the following:
(1) to reproduce the copyrighted work in copies or phonorecords;
(2) to prepare derivative works based upon the copyrighted work;
(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106.

the copyright to RKN Technologies [sic] with a right to sub-license others."[2] (Compl. ¶11). Defendants contend that if Plaintiff is referring to an exclusive license, it has failed to produce a writing memorializing the alleged grant as required by statute. 17 U.S.C. section 204(a) states that "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a).

Plaintiffs, citing *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586 (7th Cir. 2003) and *Imperial Residential Design, Inc. v. Palms Development Group, Inc.*, 70 F.3d 96, 99 (11th Cir. 1995), contend that Defendants, as alleged third-party infringers, cannot invoke section 204(a) to avoid an infringement suit. This Court agrees. The statute itself states that the "writing requirement" is satisfied by a "note or memorandum of transfer." 17 U.S.C. §204(a). The statute does not require that such note or memorandum be in existence prior to the time the lawsuit is filed or even at the time of a motion for summary judgment.

In *Imperial Residential Design, Inc.*, the court stated: "[w]e recognize that 17 U.S.C. § 204(a) can be satisfied by an oral assignment later ratified or confirmed by a written memorandum of the transfer." 70 F.3d at 99 (citing *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1532-33 (11th Cir. 1994)). The court went on to say that:

---

[2]Plaintiffs' complaint does not even allege the grant of any license to Mark Niemi. While this might have been a basis for relief under Fed. R. Civ. P. 12(b)(6), the motion before the Court is a motion for summary judgment. Furthermore, Plaintiffs' response to Defendants' motion for summary judgment specifically asserts that there was an oral agreement granting both Mark Niemi and RKN an exclusive license. (Pls.' Resp. Br. at 3).

This court has adopted the reasoning of those courts which have held that a copyright owner's later execution of a writing which confirms an earlier oral agreement validates the transfer *ab initio*.

.     .     .

Therefore, we agree that where there is no dispute between the copyright owner and the transferee about the status of the copyright, it would be unusual and unwarranted to permit a third-party infringer to invoke section 204(a) to avoid suit for copyright infringement. *See Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F. 2d 27, 36 (2d Cir. 1982). And, at least in a case such as this one - where both the original owner and the transferee have joined as plaintiffs in the same lawsuit - we will not let the alleged infringer invoke section 204(a).

*Id.* (some internal citations omitted).

In *Billy-Bob,* the oral assignment was allegedly made on May 31, 1996, the complaint was filed on December 23, 1999, and the "nunc pro tunc" document was executed in 2001. 329 F.3d at 592; *see also* Dfts.' Rep. Br. Ex.B.[3]  The Seventh Circuit, rejecting defendant's contention that it could challenge plaintiff's standing, stated:

[Defendant] simply does not have standing under § 204.  The statute is in the nature of a statute of frauds and is designed to resolve disputes among copyright owners and transferees . . . [W]here there is no dispute between the copyright owner and the transferee about the status of the copyright, 'it would be unusual and unwarranted to permit a third-party infringer to invoke section 204(a) to avoid suit for copyright infringement.'

*Id.* at 592-93 (quoting *Imperial Residential Design, Inc.*, 70 F.3d at 99)(other citations omitted).  Furthermore, the Second Circuit in *Eden Toys, Inc.* stated that:

the purpose of [section 204(a)] is to protect copyright holders from persons mistakenly or fraudulently claiming oral licensees, the 'note or memorandum of the transfer' need not be made at the time when the license is initiated; the requirement is satisfied by the copyright owner's later execution of a writing

---

[3]Defendants contend that the "nunc pro tunc" document in *Billy-Bob* was executed before trial.  However, the Court in *Billy-Bob* noted that the author "executed a nunc pro tunc document in 2001 memorializing that as of May 31, 1996, he assigned the copyrights . . . ."  329 F.3d at 592.

which confirms the agreement.

697 F.2d at 36.  The Court is therefore satisfied that Defendants are not entitled to a dismissal

of Plaintiffs' action at this time.[4]

Accordingly,

**IT IS ORDERED**, that Defendants' motion for summary judgment as to the claims of

Plaintiffs Mark Niemi and RKN Technology, LLC is **DENIED**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Robin H. Kyle, Esq.
Donald Schlyer, Esq.
John C. Dougherty, Esq.
George D. Moustakas, Esq.
Christian J. Garascia, Esq.

---

[4]The Court expresses no opinion on whether Plaintiffs Mark Niemi and RKN will be entitled to obtain any relief if there is no proof offered at the time of trial as to the existence of a writing.